[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF BASIS OFTHE FAMILY SUPPORT MAGISTRATE'S DECISION
This magistrate denied the motion for modification because of the facts found and conclusions reached as follows:
This is the plaintiff's motion for modification pursuant to Conn. Gen. Stat. § 46b-86 (b). The parties stipulated that the defendant was living with another person (Sanborn). However, theplaintiff has the burden of proving that the living arrangement "caused a change of circumstances which alters the financial need of the alimony recipient". Connolly v. Connolly, 191 Conn. 468,474, 464 A.2d 837 (1883). CT Page 10009
Mr. Sanborn paid to the defendant the sum of $150.00 per week for household expenses. (Transcript Page 8.) All of his food and his share of the utilities (Transcript Page 14.) and his share of the other bills in the house (Transcript Page 15.) were paid out of the $150.00. At one point in his testimony, Mr. Sanborn guessed that his share of the food was $30.00 to $40.00 per week (Transcript Pages 9 and 10.) and that he made a long distance call every other week which he agreed with the plaintiff's counsel that the cost would be under a dollar (Transcript Page 11.). However, later in his testimony he testified that no utilities or food were shown on his financial affidavit because they were included in the $150.00 he paid to the defendant. (Transcript Page 14.) He admitted that he did not know what the bills were because he just handed his money to the defendant and she paid them and that she was responsible for the other bills for the house. (Transcript Page 15.)
Included in the $150.00 per week paid to the defendant were all of Mr. Sanborn's expenses except his car expenses, auto loan, medical/dental expense, child support and union dues (Mr. Sanborn's Financial Affidavit dated 9/21/93 and Transcript Pages 14 and 15.). Out of this $150.00 per week the defendant paid Mr. Sanborn's share of the food, fuel, electricity, telephone, trash collection, cable T.V. soap, shampoo, dishwashing detergent, washing detergent, bleach, fabric softener, facial tissue, paper towels, toilet tissue, cleaning supplies, dry cleaning, light bulbs, tooth paste/tooth brushes and other personal care products, wear and eventual replacement of rugs, furniture, lamps, towels, face cloths, sheets, etc.
This magistrate had the opportunity to observe Mr. Sanborn. He appeared to be well fed and well groomed.
There were four people living in the home — the defendant, her two minor children and Mr. Sanborn. In addition to all of the expenses recited above, Mr. Sanborn's share of the monthly expense of $1,250 for the mortgage, taxes and insurance (Transcript Page 18.) would be $72.00 per week.
The gas that Mr. Sanborn put in the defendant's car was simply to replace the gas he used when he borrowed her car.
There was no evidence that the small amount of groceries Mr. Sanborn purchased from time to time were just for the defendant. CT Page 10010
The money Mr. Sanborn paid for repairs to the defendant's car and to pay the electric bill so the electricity would not be shut off were loans and were paid with the expectation that she would pay him back. (Transcript Page 14.)
Even if the court were to find that this magistrate abused her discretion in concluding that all the money received from Mr. Sanborn was not used for the defendant's personal use or consumption, there is no evidence to show that there was "such a change of circumstances as to alter the financial needs of" the defendant. Conn. Gen. Stat. § 46b-86 (b).
Katherine Y. Hutchinson Family Support Magistrate